LAWRENCE T. NIERMEYER, SBN 157440
LAW OFFICE OF LAWRENCE T. NIERMEYER
1420 F STREET, SECOND FLOOR
MODESTO, CA 95354
(209) 526-0522
ltniermeyer@aol.com

ATTORNEY FOR PLAINTIFFS

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TINA BASMAJIAN, DAVID BASMAJIAN<br><br>Plaintiffs,<br><br>vs.<br><br>EDWARD COHEN, M.D., MICHELLE SOLONE, M.D., VETERANS ADMINISTRATION, and DOES 1 to 100,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR DAMAGES FOR PROFESSIONAL NEGLIGENCE/MEDICAL MALPRACTICE; LOSS OF CONSORTIUM; AND DEMAND FOR JURY TRIAL** |

**COMPLAINT FOR DAMAGES FOR MEDICAL MALPRACTICE**

**I.   INTRODUCTION**

1.  This action is brought by Plaintiffs based on Defendant's professional negligence and/or medical malpractice.

1

## II. VENUE

2. The VETERANS ADMINISTRATION was served with an administrative claim pursuant to the FTCA on or about March 2022. On July 22, 2022, the VETERANS ADMINISTRATION denied Plaintiff's claim.

3. Jurisdiction is based upon 28 U.S.C. Section 1332 et seq, this being an action between Defendant, Veterans Administration and Plaintiffs.

4. Venue in this District is proper in accordance with 28 U.S.C. Section 1391(a) and 1391(c) in that the claim arises out of an incident or incidents which occurred within the boundaries of the District. In accordance with 28 U.S.C. Section 1332(a), the demand exceeds $75,000, making venue proper.

5. Procedural requirement of filing an administrative tort claim first with the U.S. Department of Veterans Affairs was met and Plaintiffs expressly authorized to file suit in Federal District Court.

6. Each Defendant in this action is and/or was at all relevant times mentioned herein an employee of the VETERANS ADMINISTRATION PALO ALTO HEALTHCARE, and each negligent cause of action was committed by Defendants while acting within the course and scope of his or her employment, while so employed by VETERANS ADMINISTRATION PALO ALTO HEALTHCARE.

## III. PARTIES

7. At all times herein mentioned, Plaintiffs TINA BASMAJIAN (hereinafter "Plaintiff") and DAVID BASMAJIAN (hereinafter "Plaintiff's Spouse") were adult residents of the City of Oakdale, State of California; Plaintiff DAVID BASMAJIAN is the husband of Plaintiff, TINA BASMAJIAN.

8. Plaintiffs are informed and believe that at all times herein mentioned or relevant, Defendant, VETERANS ADMINISTRATION PALO ALTO HEALTHCARE (hereinafter "VA") was and is a medical clinic doing business in Palo Alto, California.

9. Plaintiffs are informed and believe that at all times herein mentioned or relevant, Defendant, EDWARD COHEN, M.D. was an adult resident of State of California, acting within his capacity as a licensed medical doctor duly licensed to practice his profession and was so employed by Defendant, VA as a medical doctor.

10. Plaintiffs are informed and believe that at all times herein mentioned or relevant, Defendant, MICHELLE SOLONE, M.D. was an adult resident of State of California, acting within his capacity as a licensed medical doctor duly licensed to practice his profession and was so employed by Defendant, VA as a medical doctor.

11. Plaintiffs are ignorant of the official status, i.e., professional and/or employment relationship between Defendants COHEN and SOLONE, with VA. Specifically, Plaintiffs are ignorant as to whether Defendants COHEN and/or SOLONE, were employees or independent contractors of Defendant, VA, absent employee status. However, in doing the things herein mentioned, said Defendants, were acting within the course and scope of their authority as such agents and/or employees with the consent of their Co-Defendants, VA.

12. The true names and capacities, whether individual, corporate, associate, or otherwise of Defendants, DOES I through 100, inclusive, are unknown to Plaintiffs, who therefore sues said Defendants by such fictitious names, and will seek leave of this Court to amend this Complaint and any subsequent pleadings, to reveal said Defendants true names and capacities, once the same have been ascertained.

3

13. Plaintiffs are informed and believe, and on the basis of such information and belief, thereon alleges that each of the Defendants hereinabove designated as a DOE, is responsible in some manner, negligently or otherwise, for the events and happenings herein referred to and proximately caused damages, if any there be to Plaintiff.

14. Plaintiffs are informed and believe that at all times herein mentioned or pertinent, and in doing the things herein alleged, Defendants, and each of them, were employees, agents, and/or joint venturers, each with regard to the other, and were acting within the course and scope of said employment, agency, and/or joint enterprise or venture.

### IV.   FACTUAL ALLEGATIONS

15. Plaintiff is a carrier of the BRCA1 gene, making her a high risk for developing various cancers.

16. Based on her being at high risk for cancer Plaintiff would receive regular pap smears to detect the formation of any cancer for early treatment.

17. Plaintiff was a patient of Defendants EDWARD COHEN, M.D. and MICHELLE SOLONE, M.D. from 2008 through 2019 for general gynecology.

18. Throughout his years of providing Plaintiff with gynecological medical treatment and with full knowledge that Plaintiff was in a high-risk category for developing cancer, Defendant COHEN negligently and carelessly failed to recommend, prescribe, schedule, and/or direct Plaintiff to have a colposcopy, which would have detected cancerous cells in an early and treatable stage.

19. In February 2017 Plaintiff was informed that Defendant COHEN had retired, and that Plaintiff would be assigned to another VA doctor/gynecologist to continue her required medical care.

4

20. From February 2017 through August or September 2018, Plaintiff tried to secure the medical services of another doctor/gynecologist with the VA.

21. By way of letter and a follow up phone call from the VA, Plaintiff was eventually assigned to Defendant SOLONE and on October 4, 2018, Plaintiff, presented to Defendant SOLONE regarding the effect of oral contraceptive pills she was taking.

22. As Defendant SOLONE was Plaintiff's assigned doctor, Plaintiff is informed and believes that SOLONE thoroughly reviewed Plaintiff's entire medical file including but not limited to medical charts, records, notes, diagnosis, and past findings.

23. With such knowledge of Plaintiff's medical records and/or medical history, Defendant SOLONE negligently and carelessly failed to recommend, prescribe, schedule, and/or direct Plaintiff to have a colposcopy, which would have detected cancerous cells in an early and treatable stage.

24. On December 5, 2018, Plaintiff had her annual pap smear performed, wit the lab results being finalized on December 21, 2018.

25. Upon receipt of the pap smear lab results, which were HPV+, Defendant SOLONE recommended that Plaintiff undergo a colposcopy, which was then scheduled for February 15, 2019.

26. It wasn't until Plaintiff's 2018 Pap smear results were obtained that either Defendant COHEN or SOLONE recommend, prescribe, scheduled, and/or directed Plaintiff to have a colposcopy.

27. As the results of the colposcopy were concerning, a LEEP Invasive biopsy was performed on March 12, 2019.

5

28. The biopsy results from the LEEP procedure were obtained on March 29, 2019 and included an "extensive high grade squamous intraepithelial neoplasia as well as invasive squamous cell carcinoma." Plaintiff was diagnosed with cancer which could not be treated absent a total hysterectomy.

29. On May 7, 2019, Plaintiff underwent a radical hysterectomy and lymph node dissection and was discharged on May 10, 2019.

30. Plaintiff received further surgeries from the complications of the radical hysterectomy performed, which included a mesh repair surgery in 2020, another mesh repair surgery on December 2, 2021, a drain replacement surgery on December 7, 2021, and an infected drain surgery on December 20, 2021.

## V.   CAUSES OF ACTION

### FIRST CAUSE OF ACTION

(PROFESSIONAL NEGLIGENCE/MEDICAL MALPRACTICE)

31. Plaintiffs refer to the above-stated General Allegations and incorporate the same herein as though fully set forth.

32. At all times herein mentioned, Defendants and each of them, held themselves and their medical facilities out to Plaintiff and Plaintiff relied upon Defendants and each of them, as competent and skilled health care providers and medical facilities/clinic/hospital, in the form of licensed medical practitioners and facilities, all duly qualified and skilled to provide the necessary medical treatment, care, and services for current medical treatment, preventative medical treatment, and diagnostic studies all required by Plaintiff.

33. Defendants and each of them owed Plaintiff a duty to provide professional medical services which included providing Plaintiff with medical services and/or treatment of her current medical issues, services for the prevention of future medical, and diagnostic studies for both current and preventative medical issues.

34. From 2008 through 2019 and relying on Defendant's and each of their asserted qualifications, skills, and competency in providing medical treatment, care, and services, Plaintiff presented herself to Defendants and each of them for medical treatment, specifically genecology.

35. From 2008 through 2019, Defendants, and each of them, breached their professional duty and negligently failed to exercise the proper degree of knowledge and skill in treating and caring for Plaintiff by failing to provide the required preventative and/or diagnostic medical services for the detection of cancer in that Defendants, and each of them, negligently failed to employ and/or refer Plaintiff to and/or for proper diagnostic services to determine the presence or absence of cancer all of which resulted in Plaintiff having to undergo a total hysterectomy, subsequent surgeries, and suffering the injuries and damages as herein alleged.

36. From 2008 through 2019 Defendants, and each of them, negligently, carelessly, and unskillfully, diagnosed, treated, attended, and cared for Plaintiff, while Plaintiff was in their medical care and that, as a proximate cause thereof, Plaintiff's cancer was not timely diagnosed and/or provided any medical treatment, and as a proximate result thereof, Plaintiff was required to undergo a total hysterectomy, subsequent surgeries, and suffered the injuries and damages herein alleged.

37. From 2008 through 2019, Defendants, and each of them, negligently, carelessly, and unskillfully failed to exercise the proper degree of professional medical knowledge and skill

7

in treating and caring for Plaintiff by failing to provide adequate medical services in that Defendants and each of them negligently failed to diagnose Plaintiff's cancer or provide Plaintiff with any timely medical treatment for her cancer. Such negligent conduct by Defendants, and each of them, fell below the professional medical standard of care owed by Defendants, and each of them, to Plaintiff while Plaintiff was under their medical care.

38.   As a proximate result of the negligence of Defendants, and each of them, Plaintiff's cancer was not diagnosed in a timely manner and was not medically treated and as a proximate result thereof, Plaintiff was required to undergo a total hysterectomy, subsequent surgeries, and suffered the injuries and damages herein alleged.

39.   As a proximate result of the negligence of Defendants, and each of them, Plaintiff was hurt and injured in her health, strength, and activity, sustaining injury to her body and shock to her nervous system and person, all of which injuries have caused and continue to cause Plaintiff great mental, physical, and nervous pain and suffering. Plaintiff is informed and believes and thereon alleges that such injuries will result in some permanent disability to her. As a result of such injuries, Plaintiff has sustained general damages in a yet unascertained amount but within the jurisdiction limits of this Court; Plaintiff will seek leave to amend this Complaint to state the true amount when said damages are ascertained.

40.   As a further proximate result of the negligence of Defendants, and each of them, as herein alleged, Plaintiff has been damaged in that she has incurred and will continue to incur economic loss in the form of, medical, emotional and related expenses, all to her special damage in an as yet unascertained amount but with the jurisdictional limitations of this Court; Plaintiff will seek leave to amend this Complaint to state the true amount when said damages are ascertained.

41.    As a further proximate result of the negligence of Defendants, and each of them, as herein alleged, Plaintiff has been damaged in that she has been required to expend money and incur obligations, for medical services, drugs and sundries reasonably required in the treatment and relief of the injuries herein alleged and will expend money and incur obligations in the future for such treatment, in a sum according to proof.

42.    As a further actual, proximate and legal result of the negligence as alleged, Plaintiff was required and did employ physicians, surgeons and other health care providers for medical examination, treatment, and care of the aforesaid injuries and damages, and has and hereafter will incur medical and incidental expenses in an amount to be shown according to proof. Plaintiff will seek leave to amend this Complaint to state said amount once ascertained.

## SECOND CAUSE OF ACTION

(LOSS OF CONSORTIUM)

43.    Plaintiffs incorporate herein by reference, as fully set forth herein, each and every allegation set forth above in this Complaint.

44.    At all times herein mentioned, Plaintiff DAVID BASMAJIAN was and is the spouse of TINA BASMAJIAN.

45.    As a direct result of the aforesaid acts by Defendants, and each of them, as alleged herein, and the resulting injuries to TINA BASMAJIAN, there has been damage to the marital community for Plaintiffs. Plaintiff's Spouse, DAVID BASMAJIAN, has lost support, comfort, happiness, services, marital relations, society, etc. as a result of the aforementioned acts and/or omissions of Defendants, and each of them all to his damage in an amount within the jurisdiction of this Court and to be proven at trial.

46. As a further actual, proximate and legal result of the incident as alleged, Plaintiff's Spouse, DAVID BASMAIJIAN sustained general damage, to be shown according to proof, including but not limited to loss of consortium of the marriage to his wife, TINA BASMAJIAN.

## DEMAND FOR JURY TRIAL

Plaintiffs, TINA BASMAJIAN and DAVID BASMAJIAN demand trial by a jury on all issues in and for the above-captioned matter.

## PRAYER

WHEREFORE, Plaintiffs pray for judgment against Defendants and each of them, as follows:

1. For economic damages as will be shown according to proof;
2. For non-economic damages as will be shown according to proof;
3. For costs of suit;
4. For attorneys' fees; and
5. For such other and further relief as the Court may deem just and proper.

Dated: 1/12/23

By: _____
Lawrence T. Niermeyer